UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| David E. Simpson, NCDC # 0370802,<br>*aka David Ezell Simpson, David Simpson,*<br>*fka David Ezell Simpson, # 11164-058,*<br><br>　　　　　　　　　　Petitioner,<br><br>vs.<br><br>State of South Carolina;<br>Warden G. J. Branker;<br><br>　　　　　　　　　　Respondents.<br>_____ | **C/A No 2:11-1430-SB-BHH**<br><br><br><br>**REPORT AND**<br>**RECOMMENDATIONS** |

## *Background of this Case*

Petitioner is an inmate of the North Carolina Department of Corrections serving a one-year sentence for possession of stolen goods. The North Carolina Department of Corrections website indicates that Petitioner is supposed to be released on September 13, 2011. Petitioner is challenging a South Carolina detainer relating to charges pending in the Court of General Sessions for Chesterfield County. Petitioner discloses that, upon his release from the North Carolina Department of Corrections, he must then serve a federal sentence of thirty-six (36) months (for violating terms of federal supervised release). Petitioner also discloses that he was awaiting trial on his Chesterfield County charges when he was sentenced for violating his federal supervised release.

## *Discussion*

Under established local procedure in this judicial district, a careful review has been made of the *pro se* petition and the Form AO 240 (motion to proceed *in forma pauperis*) pursuant to the procedural provisions of 28 U.S.C. § 1915 and the Anti-Terrorism and Effective Death Penalty Act of 1996. The review[1] has been conducted in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Maryland House of Correction*, 64 F.3d 951 (4th Cir. 1995)(*en banc*); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); *Loe v. Armistead*, 582 F.2d 1291 (4th Cir. 1978); and *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). Petitioner is a *pro se* litigant, and thus his pleadings are accorded liberal construction. *See Erickson v. Pardus*, 551 U.S. 89 (2007)(*per curiam*); *Hughes v. Rowe*, 449 U.S. 5, 9-10 & n. 7 (1980)(*per curiam*); and *Cruz v. Beto*, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* complaint or petition, the plaintiff's or petitioner's allegations are assumed to be true. *Fine v. City of New York*, 529 F.2d 70, 74 (2nd Cir. 1975). Even under this less stringent standard, the Petition is subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Department of Social Services*, 901 F.2d 387 (4th Cir. 1990).

---

[1] Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02 DSC, the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Court.

Petitioner satisfies the "in custody" requirement because of the South Carolina detainer. *Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 488-89 (1973). *See also Estelle v. Dorrough*, 420 U.S. 534, 536 n. 2 (1975). Even so, Petitioner is in a situation somewhat similar to that of the prisoner in *Whittlesey v. Circuit Court for Baltimore County*, 897 F.2d 143 (4th Cir. 1990). In *Whittlesey*, the Court, when addressing a Florida prisoner's claim that his Florida sentence would long postpone his opportunity to get to Maryland for a state proceeding to file a collateral attack upon his armed robbery conviction, pointed out that the doors of the courts of Maryland were open for the petitioner, and that his inability to enter through those doors until completion of his Florida sentence was the price he must pay for having escaped from a Maryland prison and subsequently committing crimes in Florida:

> Here, Whittlesey cannot expect federal courts to rescue him from the consequences of his escape and subsequent commission of crimes.
>
> Whittlesey maintains that there are no state remedies available to him; however, this simply is not the case. The doors of the Maryland state courts stand open for him to present his complaints; that he is unable to enter through those doors until completion of his Florida sentence is the price he must pay for having escaped from the Maryland prison and committed offenses in Florida. It is his own criminal misconduct which has denied Maryland courts the opportunity to hold a hearing, develop a record, and thereby address his claims on the merits. We will not command the district court to review his habeas petition when his own unlawful acts have prevented the state courts from reviewing his claims.

3

*Whittlesey v. Circuit Court for Baltimore County*, 897 F.2d at 145 (footnote omitted).[2] Although Petitioner did not escape from South Carolina, his inability to show up for trial in the Chesterfield County is the result of his commission of crimes and violations of the terms of his federal supervised release when he was in Union County, North Carolina.[3]

Moreover, Petitioner has not exhausted his state court remedies with respect to the pending South Carolina charges. If Petitioner is later convicted and sentenced in his pending criminal case in Chesterfield County, he has the remedy of filing a direct appeal. *State v. Northcutt*, 372 S.C. 207, 641 S.E.2d 873 (2007). If his direct appeal is unsuccessful, Petitioner can file an application for post-conviction relief. *See* S.C. Code Ann. § 17-27-10, *et seq.* (Westlaw 2011).

If a South Carolina prisoner's application for post-conviction relief is denied or dismissed by a Court of Common Pleas, he or she can file an "appeal" (petition for writ of certiorari) in that post-conviction case. *See* S.C. Code Ann. § 17-27-100; and *Knight v. State*, 284 S.C. 138, 325 S.E.2d 535 (1985). It is well settled that a direct appeal is a viable state court remedy. *Castille v. Peoples*, 489 U.S. 346, 349-52 (1989). The United States Court of Appeals for the Fourth Circuit has held that South Carolina's Uniform Post-Conviction Procedure Act is also a viable state-court remedy. *See Miller v. Harvey*, 566 F.2d 879, 880-81 (4th Cir. 1977); and *Patterson v. Leeke*, 556 F.2d 1168, 1170-73 (4th Cir. 1977).

---

[2] Unlike the situation in *Whittlesey v. Circuit Court for Baltimore County*, there is no indication that Petitioner escaped from South Carolina.

[3] Union County (North Carolina) and Chesterfield County (South Carolina) are adjacent counties.

Since Petitioner has yet to exhaust his state court remedies, this Court should not keep this case on its docket. *See Pitchess v. Davis*, 421 U.S. 482, 490 (1975); and *Lawson v. Dixon*, 3 F.3d 743, 749 n. 4 (4th Cir. 1993) ("[E]xhaustion is not a jurisdictional requirement, but rather arises from interests of comity between the state and federal courts.").

## *Recommendation*

Accordingly, it is recommended that the Petition be dismissed *without prejudice and without requiring Respondents to file an Answer or return*. Petitioner's attention is directed to the important notice on the next page.

s/Bruce Howe Hendricks
United States Magistrate Judge

June 16, 2011
Charleston, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

Petitioner is advised that he may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (*quoting* Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

**Larry W. Propes, Clerk
United States District Court
Post Office Box 835
Charleston, South Carolina 29402**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).